# 98 DTA 125

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**
**PANEL II**

BENIMELIA ORTIZ ADAMS
Lesionada-Recurrente

v.

CORPORACION DEL FONDO DEL SEGURO DEL ESTADO
Asegurador-Recurrido

COMISION INDUSTRIAL DE PUERTO RICO

San Juan, Puerto Rico, a 18 de marzo de 1998

Panel integrado por su Presidente, Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

## TEXTO COMPLETO DE LA RESOLUCION

La Comisión Industrial de Puerto Rico desestimó una apelación interpuesta el 12 de abril de 1995 por la lesionada Benimelia Ortiz Adams. Esta incoó la apelación contra una decisión del Administrador de la Corporación del Fondo del Seguro del Estado dictada setenta y seis días antes, i.e., el 26 de enero de 1995, y enmendada *nunc pro tunc* para corregir un error en el segundo apellido de la obrera lesionada, veintiséis días antes, *i.e.*, el 17 de marzo de 1995. La Comisión Industrial resolvió que la apelación había sido interpuesta luego del plazo de treinta días, contado a partir de la notificación de la decisión, que dispone la ley.

La obrera solicitó la reconsideración del dictamen desestimatorio a base de que el plazo apelativo debía contarse a partir de la notificación de la resolución *nunc pro tunc* y no de la resolución notificada el 26 de enero de 1996, la cual, según ella, nunca recibió. La Comisión Industrial celebró una vista evidenciaria a base de la cual reiteró su dictamen de falta de jurisdicción.

En dicha vista la Comisión Industrial tuvo ante sí una certificación de la funcionaria a cargo de la secretaría auxiliar de la Corporación del Fondo en Bayamón que acredita que se le notificó a la obrera la decisión del 26 de enero de 1995 a través del servicio postal a la única dirección que constaba en el expediente y que la misma nunca fue devuelta. Por su parte, la obrera testificó que la única decisión que recibió fue la segunda -la del 17 de marzo de 1995- aun cuando aceptó que tanto para enero como para marzo del año en cuestión ella residía en la dirección a que fueron dirigidas ambas notificaciones. Alegó que se enteró de la notificación del 26 de enero de 1995 cuando su novio fue a buscarla a la secretaría de la Corporación del Fondo en Bayamón. No indica, empero, el momento en que esto ocurrió.

El Art. 10 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, dispone en lo pertinente que *"[s]i el obrero o empleado, o sus beneficiarios, no estuvieren conformes con la decisión dictada por el Administrador de la*

*Corporación del Fondo del Seguro del Estado en relación con su caso, podrán apelar ante la Comisión Industrial dentro de un término de 30 días después de haber sido notificados con copia de la decisión del Administrador".* 11 L.P.R.A. sec. 11 (Supl. 1997). De otro lado, la Regla 16 de Evidencia, 32 L.P.R.A. Ap. IV, R.16, dispone en su inciso 24, que se presume que una carta dirigida y cursada por correo debidamente fue recibida en su oportunidad. Aunque se trata de una presunción *juris tantum,* le corresponde a la parte contra quien opera la presunción -en nuestro caso, la obrera apelante- derrotar dicha presunción. Para afrontar su obligación, la obrera apelante aportó su propio testimonio circunscrito a una negación general de haber recibido la notificación del 26 de enero de 1995, pero es evidente que su testimonio no le mereció a la Comisión Industrial ninguna credibilidad, al menos, en cuanto al hecho central del recibo de la notificación.

Por lo demás, la obrera apelante pone demasiado énfasis en que la notificación del 26 de enero estuvo dirigida a Benimelia Ortiz Alvarez cuando debió haber ido dirigida a Benimelia Ortiz Adams. Sin embargo, es un hecho incontrovertido que la dirección postal a la cual fue dirigida esa notificación era absolutamente correcta. El error estaba en el segundo apellido de su nombre, no en su dirección. Es de conocimiento general que el servicio postal entrega la correspondencia a base de las direcciones de los envíos y no de los nombres de los destinatarios. El hecho de haberse cometido un error en cuanto al segundo apellido de su nombre, es insuficiente, por sí sólo, para derrotar la presunción de recibo de la notificación.

El plazo apelativo tampoco podía ser computado a partir de la segunda notificación de 17 de marzo de 1995 pues lo único que ésta hizo fue corregir un error oficinesco en cuanto a uno de los apellidos de la obrera lesionada. La segunda notificación trataba simplemente de corregir un error de forma, no de alterar ningún aspecto sustantivo de la decisión administrativa que la obrera lesionada interesaba cuestionar. Las agencias administrativas, lo mismo que los tribunales de justicia, tienen poderes inherentes para corregir en cualquier momento los errores de forma de sus dictámenes sin que al así hacerlo perturben la finalidad de los mismos. Como se sabe, una vez transcurre el plazo apelativo sin que las partes hubieren apelado o de cualquier otro modo cuestionado la corrección legal del dictamen emitido, éste adviene firme y ni la agencia ni los tribunales tienen jurisdicción para enmendarlo salvo autoridad específica de ley. En el caso de autos no se nos ha señalado ninguna excepción a esta norma jurídica.

Habiéndose demostrado que la apelación ante la Comisión Industrial de la decisión notificada el 26 de enero de 1995 fue instada luego de expirado el plazo de treinta días dispuesto por la Ley del Sistema de Compensaciones por Accidentes del Trabajo, concluimos que el dictamen recurrido es del todo correcto, razón por la cual es improcedente que expidamos el auto solicitado.

Con estos antecedentes, a la solicitud de revisión administrativa, no ha lugar.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General